O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6718 AHM (AGRx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | PAMFILA R. CAMANGIAN v. THE UNITED STATES OF AMERICA, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This matter is before the Court on Defendant the United States of America's Motion for Summary Judgment. As explained below, the Court requires more information in order to make an informed ruling.

## I.     FACTS

Plaintiff Pamfila R. Camangian filed this lawsuit against the United States for $15,110 in unpaid federal tax refunds for tax years 1989, 1991, 1992, 1993, 1994, 1995, 1996, and 2004, as well as the 2000 Tax Rebate. (Compl. ¶ 3.) The FAC does not allege why Plaintiff is entitled to refunds for these years.

In both the initial Complaint and the FAC, Plaintiff also claimed damages in excess of $800,000 as a result of the Internal Revenue Service ("IRS") allegedly seizing refunds for 1991 through 2000 in violation of a bankruptcy stay. The Court twice dismissed these claims (the second time without leave to amend) because Plaintiff failed to allege that she sought administrative relief for such damages. *See* Dkt. Nos. 13 (March 5, 2009 Order) and 20 (July 15, 2009 Order).

On February 22, 2010, Defendant filed the motion for summary judgment now before the Court.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6718 AHM (AGRx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | PAMFILA R. CAMANGIAN v. THE UNITED STATES OF AMERICA, *et al.* | | |

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id*. Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *see also Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6718 AHM (AGRx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | PAMFILA R. CAMANGIAN v. THE UNITED STATES OF AMERICA, *et al.* | | |

the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Simply because the facts are undisputed does not make summary judgment appropriate. Instead, where divergent ultimate inferences may reasonably be drawn from the undisputed facts, summary judgment is improper. *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985).

## III. DISCUSSION

Defendant argues that it is entitled to summary judgment on Plaintiff's refund claims for two reasons: (1) there is no genuine dispute that the United States granted the requested refunds for all years at issue, and therefore there is no claim in controversy, and (2) Plaintiff failed to file a timely claim for a tax refund for the tax year 1989 and therefore cannot seek a refund for that year.

Plaintiff is *pro per* and she and her former counsel each filed an opposition to the motion.[1] They do not controvert the United States' evidence that it granted the requested refunds for all years at issue. Both oppositions argue that the United States violated the automatic stay of the U.S. Bankruptcy Court imposed by section 362 of the Bankruptcy

---

[1] Before the opposition was filed, Plaintiff and her former counsel, Mr. Kosnett, requested that Plaintiff be substituted in place of Mr. Kosnett. The Court conditioned this substitution on Mr. Kosnett's filing an opposition to the motion for summary judgment. Mr. Kosnett and Ms. Camangian then each filed a separate opposition. The United States argues that because Camangian's opposition was filed when she was represented by counsel it was procedurally improper and should be stricken from the record. Given that Camangian's *pro se* opposition provides potentially dispositive evidence on this motion (as explained below), and the fact that her counsel's opposition is wholly deficient, the Court gives Ms. Camangian the benefit of the doubt and declines to strike her *pro se* opposition. For ease of reference, the opposition filed by Plaintiff in *pro per* is cited as "Pl's Opp'n A," and the opposition filed by Kosnett is cited as "Pl's Opp'n B."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6718 AHM (AGRx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | PAMFILA R. CAMANGIAN v. THE UNITED STATES OF AMERICA, *et al.* | | |

Code by collecting taxes during Plaintiff's bankruptcy.[2] Although Plaintiff does not raise this allegation in the FAC, the Court feels compelled to address it because if Plaintiff were to prove such allegations, she may be entitled to relief. However, as explained below, the Court does not have enough information to determine whether the United States violated any automatic stay when it applied tax refunds owed to Plaintiff to liabilities that arose prior to Plaintiff's filing for bankruptcy.

As the United States acknowledges in its reply brief, when a bankruptcy petition is filed, it operates as an automatic stay against any act to collect or recover a claim against the debtor that arose before the commencement of the case. *See* 11 U.S.C. § 362(a)(6); Collier on Bankruptcy ¶ 362.03[8]. "The stay is effective automatically and immediately upon the filing of a bankruptcy petition, whether voluntary, joint or involuntary." Collier ¶ 362.02. "The automatic stay protects property of the estate until (1) it is no longer property of the estate or (2) the bankruptcy proceeding is closed, dismissed, or a debtor's discharge is either granted or denied." *In re LPM Corp.*, 269 B.R. 217, 220 (9th Cir. B.A.P. 2001) (citing 11 U.S.C. § 362(c)).

It is undisputed that Plaintiff filed for bankruptcy, Case No. 91-66754, on March 4, 1991. The date that the bankruptcy was discharged appears to be in dispute.

The United States contends that the bankruptcy was discharged on November 1, 1991. The evidence the United States points to in support of this contention is Plaintiff's

---

[2] Mr. Kosnett's opposition raises the additional argument that

> provision was made for the United States Trustee in Bankruptcy to pay certain tax obligations out of plaintiff's bankruptcy estate during the court of plaintiff's bankruptcy. Either these sums were received by the Untied States, which thereafter failed to properly credit plaintiff, or the United States negligently failed to claim and receive said taxes from the estate in bankruptcy, thereby waiving whatever claims might otherwise exist against plaintiff for said taxes."

(Pl's Opp'n B at 1-2.) The brief cites no legal or factual support for these assertions. Therefore, they do not provide any basis for denying Defendant's motion for summary judgment.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6718 AHM (AGRx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | PAMFILA R. CAMANGIAN v. THE UNITED STATES OF AMERICA, *et al.* | | |

response to the United States's request for admissions, in which she admitted that the bankruptcy court entered a "Discharge of Debtor" for Plaintiff on November 1, 1991.[3] (Exh. B to Motion at US-064, US-072.) Neither Plaintiff's *pro per* opposition nor Kosnett's opposition acknowledges this admission. Plaintiff's *pro per* opposition, however, states that the "Chapter 7 Bankruptcy was closed on May 15, 1996 and June 15, 1998." (Pl's Opp'n A at 2.) As support for this assertion, Plaintiff provides a copy of an "Order Closing Case" in Case No. 91-66754, dated June 15, 1998, which states as follows:

> [The] Order of Discharge in the above-referenced case was entered on 5/15/96 . . . Since it appears that no further matters are required that this case remain open . . . It is ordered that the Trustee is discharged from his/her duties in this case, his/her bond is exonerated, and the case is closed.

(Pl's Opp'n A, Exh. F.) Notwithstanding Plaintiff's response to the United States's request for admission that the date of discharge was November 1, 1999, the "Order Closing Case" provided by Plaintiff appears to create a material dispute over the date that Plaintiff was discharged from bankruptcy.

The United States has provided unrefuted evidence that Plaintiff did not file any income tax return during the calendar year 1991, nor did the United States collect any taxes during that year or apply refunds owed to Plaintiff against any prior tax liability. However, between 1992 and 1996, the United States applied refunds owed to Plaintiff against liabilities for tax years 1986, 1988 and 1989. Thus, if the bankruptcy was not discharged until 1996, the bankruptcy stay *might*[4] have precluded the United States from applying refunds owed to her during those years against liabilities that arose prior to the bankruptcy.

The United States, in its Reply, does not acknowledge the evidence provided by

---

[3] It appears that Plaintiff was without counsel when she drafted her responses.

[4] The Court says "might," because, as noted below, neither party has briefed the issue of whether the government's use of tax refunds during a bankruptcy stay to discharge other liabilities that arose prior to bankruptcy violates the automatic stay.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6718 AHM (AGRx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | PAMFILA R. CAMANGIAN v. THE UNITED STATES OF AMERICA, *et al.* | | |

Plaintiff that indicates an order of discharge in her bankruptcy case was entered on May 15, 1996. Instead, Defendant cites to the fact that in her response to the United States's request for admissions she admitted that the bankruptcy court entered a "Discharge of Debtor" for Plaintiff on November 1, 1991. Defendant then goes on to state that it "did not engage in any collection activity while the automatic stay was in effect as evidenced by the IRS certified transcripts. [Citation omitted.] Plaintiff has neither alleged, nor provided admissible evidence to the contrary." (Reply at 3.) As noted above, this argument appears inconsistent with the "Order Closing Case" provided by Plaintiff.

The evidence proffered by Plaintiff is not authenticated by Plaintiff in a sworn declaration. Moreover, the Court notes that although Plaintiff filed the evidence *pro se*, she was represented by counsel when she filed it. Given the unique posture of the case, the fact that United States did not respond to the evidence proffered by Plaintiff as to the date of her discharge from bankruptcy, and the Court's desire to make an informed ruling on the merits, the Court is unable to make a ruling on Defendant's motion for summary judgment. Additionally, neither party has addressed or briefed the issue of whether the United States's application of Plaintiff's refunds to tax liabilities that arose prior to the filing of her bankruptcy petition violates the automatic stay imposed by the bankruptcy proceedings.

Accordingly, the Court ORDERS Defendant to submit, by not later than June 10, 2010, a brief not to exceed ten pages, setting forth (1) its response to Plaintiff's assertion and evidence that her bankruptcy was discharged in 1996 and that the automatic stay was in place until then; and (2) why the application of Plaintiff's refunds to tax liabilities that arose prior to the filing of her bankruptcy petition would not violate the automatic stay. By the same date, Defendant may also file available evidence supporting its response.

|  | : |
|---|---|
| Initials of Preparer | SMO |